IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RITA BENNETT, In Her Representative
Capacity as Guardian of BETTY COGGINS                                    PLAINTIFF

vs.                                                                      No. 1:05CV300-D-D

BEVERLY ENTERPRISES, INC.; et al.                                        DEFENDANTS

OPINION GRANTING MOTION TO DISMISS

Presently before the court is the Defendants Fillmore Capital Partners LLC, Fillmore Strategic Investors LLC, Pearl Senior Care, PSC Sub, and Geary Property Holdings LLC's motion to dismiss. Upon due consideration, the court finds that the motion should be granted.

*A. Factual and Procedural Background*

The Plaintiff, a Mississippi resident, filed this action in this court on November 17, 2005, alleging that the Defendants participated in an unlawful scheme to fraudulently convey the assets of the Defendant Beverly Enterprises, Inc. through a merger transaction in an attempt to avoid paying judgments which may be entered in favor of litigants against it in civil cases; the Plaintiff further alleges that some of the Defendants (none of whom have joined this motion to dismiss) were negligent in providing nursing home care to Betty Coggins while she was in their care. The Plaintiff filed this action here on the basis of federal diversity jurisdiction.

The above-listed Defendants (the moving Defendants) have now filed a motion to dismiss, seeking to have the Plaintiff's claims against them dismissed for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

*B. Discussion*

1. Personal Jurisdiction

The moving Defendants, none of whom are Mississippi residents, assert that this court lacks personal jurisdiction over them. When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997). The plaintiff satisfies this burden by presenting a prima facie case that the court may properly exercise personal jurisdiction over the defendant under both the Mississippi long-arm statute and the due process principles of the Fourteenth Amendment to the United States Constitution. Allred, 117 F.3d at 281; Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). In determining whether the plaintiff has met this burden, the court must accept as true the uncontroverted allegations in the plaintiff's complaint and must resolve all factual conflicts in favor of the plaintiff. Latshaw, 167 F.3d at 211.

In federal diversity actions, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry. First, the law of the forum state must provide for the assertion of jurisdiction; if, and only if, the forum state's long-arm statute provides for jurisdiction, the exercise of jurisdiction under state law must then comport with the dictates of the Fourteenth Amendment's due process clause. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).

a. Mississippi's Long Arm Statute

Mississippi's long arm statute, codified at section 13-3-57 of the Mississippi Code, spells out the three circumstances under which Mississippi courts may properly exercise in personam jurisdiction over non-resident defendants. Section 13-3-57 provides in pertinent part that "any non-resident . . . who shall . . . make a contract with a resident of this state to be performed in whole or

in part by any party in this state, or who shall commit a tort in whole or in part in this state . . . or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi [and therefore be subject to the jurisdiction of Mississippi's courts]." Miss. Code Ann. § 13-3-57.

In the case *sub judice*, the Plaintiff does not allege that the moving Defendants made a contract with a Mississippi resident to be performed in whole or in part in this state; nor does the Plaintiff allege that any of the moving Defendants do any business or perform any character of work or service in Mississippi. The Plaintiff also does not allege that any of the moving Defendants committed a tort in whole or in part in Mississippi. While she does allege that the non-moving Defendants injured Betty Coggins by providing poor nursing home care here in Mississippi, the only causes of action asserted against the moving Defendants in the Plaintiff's complaint are a claim for fraudulent conveyance and a claim for civil conspiracy that is based solely on the allegations regarding the fraudulent conveyance claim, neither of which allegedly took place in whole or in part in Mississippi.

Thus, the court finds that the Plaintiff's allegations are not sufficient to establish a prima facie case of personal jurisdiction under Mississippi's long-arm statute. Accordingly, this court's exercise of personal jurisdiction over the subject Defendants is not appropriate. Therefore, the Defendants' motion to dismiss due to lack of personal jurisdiction shall be granted.

## C. Conclusion

In sum, the court finds that the Plaintiff has failed to establish that the court may exercise personal jurisdiction over the subject Defendants. Thus, the court holds that the Defendants' motion to dismiss shall be granted and the Plaintiff's claims against these Defendants dismissed without

3

prejudice.

A separate order in accordance with this opinion shall issue this day.

This the 13th day of October 2006.

/s/ Glen H. Davidson
Chief Judge